CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 07 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 7:08CR00041 |
| | ) (CASE NO. 7:11CV80341) |
| vs. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| ROBERT DWAYNE EARLY, | ) By: Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Robert Dwayne Early, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Early is challenging the validity of his confinement pursuant to the judgment of this court entered August 20, 2009, whereby he was convicted of conspiracy to distribute 100 grams or more of heroin and distribution of heroin. He was sentenced to a total of 324 months imprisonment. The government has filed a motion to dismiss, arguing that the § 2255 motion must be dismissed as untimely filed. Upon review of the record, the court concludes that Early's motion is timely.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant files an appeal, his conviction becomes final when his opportunity to file a petition for a writ of certiorari expires. United States v. Clay, 537 U.S. 522, 525, 532 (2003).

As stated, judgment was entered against Early on August 20, 2009. He appealed and on March 18, 2010, the United States Court of Appeals for the Fourth Circuit affirmed his convictions and sentence. He then had 90 days to file a petition for a writ of certiorari to the United States Supreme Court. See Sup. Ct. Rule 13(1). Because Early chose not to file such a petition, when that 90-day period elapsed on June 18, 2010, his conviction became final. He had one year, from June 18, 2010 until June 16, 2011 – in which to file a timely § 2255 motion. He executed his § 2255 motion on June 16, 2011, and the court received it the next day.

The government argues that the § 2255 motion should be considered filed on June 17, 2011, the day the court received it, and that because he "filed" it one year and one day after the conviction became final, it should be dismissed as untimely under § 2255(f)(1). This argument is contrary to law.

Rule 3(d) of the Rules Governing Section 2255 Proceedings provides that "a paper filed by an inmate in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." An inmate can show timely filing under this provision through a declaration in compliance with 28 U.S.C. § 1746 as to the date on which the paper was placed in the prison's mailing system. Rule 3(d).

Early's § 2255 motion includes his declaration under penalty of perjury that he placed the document in the prison's mailing system on June 16, 2011, and the record indicates that he sent it by express mail, such that the court received it on June 17, 2011. Under Rule 3(d), Early's motion must be considered filed as of June 16, 2011, and thus, it is timely under § 2255(f)(1).

Therefore, the court will deny the government's motion and require a response to Early's § 2255 claims. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant.

ENTER: This 7th day of July, 2011.

_____
Chief United States District Judge