CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No. 7:08CR00041-03 |
| ) | Civil Action No. 7:11CV80341 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| ROBERT DWAYNE EARLY, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

The defendant, Robert Dwayne Early, was charged in a superseding indictment with one count of conspiracy to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. § 846; one count of attempted possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); and two counts of distribution and possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). Early went to trial and was convicted on all counts. He was subsequently sentenced to a term of imprisonment of 324 months. His sentence was affirmed on direct appeal. United States v. Early, 374 F. App'x 422 (4th Cir. 2010).

Early has now filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he asserts several claims, including a claim that his defense counsel deprived him of the opportunity to make an informed decision as to whether to plead guilty or proceed to trial. In support of this claim, Early submitted his own affidavit filed under penalty of perjury, in which he asserts that his attorney "never explained" the "elements of the crime of conspiracy"; failed to "explain the advantages and disadvantages associated with pleading guilty or going to trial"; failed to inform him that he could enter an "open plea";* and "never told [him] that the Government's case against [him] was overwhelming." (Docket No. 419.) Early contends that if he had been properly

---

* An "open" guilty plea is a plea made by the defendant without the benefit of a plea agreement with the government. See United States v. Booth, 432 F.3d 542, 543 n.1 (3d Cir. 2005).

advised by counsel and entered a plea of guilty, he would have likely received a reduction for acceptance of responsibility and, thus, a lower sentence.

The government has moved to dismiss Early's motion. Relying on an affidavit from Early's defense counsel, the government contends that counsel shared all of the government's evidence with Early, explained the elements of conspiracy, advised him that the testimony of his co-defendants could establish the requisite elements, and explained all of the possible plea options. The government further maintains that Early chose to reject a plea offer from the government and insisted on going to trial in spite of the evidence against him.

To succeed on a claim of ineffective assistance, Early must show: (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) that "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). When such claim is pursued under § 2255, the court must conduct a hearing on the claim "[u]nless the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b). If a defendant presents a colorable Sixth Amendment claim and the resolution of the issue necessitates a credibility determination, "[a]n evidentiary hearing in open court is required." United States v. Evans, 429 F. App'x 213, 214 (4th Cir. 2011).

In the instant case, in light of the conflicting affidavits submitted by the parties, the court is unable to find that the existing record conclusively establishes that Early is not entitled to relief on his first claim of ineffective assistance. Assuming the truth of his affidavit, Early has raised sufficient allegations that his defense counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to change his plea or proceed to trial. While the government insists that Early's allegations are nothing more than "fanciful fabrication[s]," the government's

2

argument supports the conclusion that the resolution of the first Strickland prong requires a credibility determination and, thus, an evidentiary hearing. Additionally, the conduct of such hearing will provide a more complete record upon which the court can evaluate the prejudice prong. See, e.g., United States v. Booth, 432 F.3d 542, 550 (3d Cir. 2005) (holding that the defendant was entitled to an evidentiary hearing on his claim that counsel rendered ineffective assistance by not informing the defendant that he could have entered an open plea without proceeding to trial, which would have potentially entitled him to a reduction for acceptance of responsibility).

For these reasons, the government's motion to dismiss will be taken under advisement, and the case will be referred to the Honorable Robert S. Ballou, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel rendered ineffective assistance by depriving him of the opportunity to make an informed decision regarding whether to plead guilty or proceed to trial. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the defendant, counsel of record for the government, and Judge Ballou.

ENTER: This 29th day of March, 2012.

*[signature]*
Chief United States District Judge