# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 7:08CR00041-003 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROBERT DWAYNE EARLY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Michael A. Baudinet, Assistant United States Attorney, Roanoke, Virginia, for United States; Lillian Childress, Third-Year Law Student, Federal Sentence Reduction Clinic, University of Virginia, and Lisa M. Lorish, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Defendant Robert Dwayne Early, sentenced by the late District Judge Glen E. Conrad in 2009, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018). He contends that if he were sentenced today, he would receive a significantly shorter period of imprisonment than that which he is currently serving. Because I find that he has not established an extraordinary and compelling reason to reduce his sentence, I will deny the motion.

I.

Following a trial, Early was convicted by a jury of one count of conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846, and three counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). Because of

two prior felony convictions occurring more than 20 years earlier, he was considered a career offender. Early's total offense level was 37 and his criminal history category was VI. His Sentencing Guidelines range was 360 months to life. He received a below-guidelines sentence of 324 months. The Bureau of Prisons has calculated his current release date as January 4, 2032.

More than a decade after Early was sentenced, the Fourth Circuit decided *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). There, the court held that conspiracy to distribute a controlled substance is not categorically a "controlled substance offense[ ]" for purposes of the career offender sentencing enhancement. *Id.* at 239. Therefore, were Early sentenced today, Count One (the conspiracy to distribute count) would not make him a career offender. He would still be considered a career offender based on the distribution charges of which he was convicted, Counts Three, Four, and Five. But because those crimes have lower statutory ranges of imprisonment than Count One, his base offense level would be 34 instead of 37, and his guidelines range would be significantly lower — 262 to 327 months rather than 360 months to life.

Early argues that because the sentencing judge gave him a sentence of imprisonment that was 10% below the bottom end of the then-applicable guidelines range, I should reduce his sentence to 10% below the bottom end of the guidelines

range that would be applicable today. Early thus seeks a sentence reduction of 98 months, to a total sentence of 236 months imprisonment.

The government, on the other hand, notes that Early's original sentence of 324 months is still within the guidelines range that would apply were he sentenced today. It argues that the importance of the finality of judgments weighs against granting relief here. The government contends that Judge Conrad already considered the relevant facts surrounding Early's criminal history and the nature and circumstances of his offenses, and he arrived at a sentence that he found to be sufficient but not greater than necessary to serve the statutory purposes. The government urges me not to disturb Early's existing sentence.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce Early's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling

reason raised by the defendant, including the length and disparateness of the sentence.

I agree with the government that the purported sentencing disparity in this case does not amount to an extraordinary and compelling reason to reduce Early's sentence. Early was not sentenced pursuant to a mandatory minimum term of imprisonment. Rather, Judge Conrad exercised his discretion in calculating an appropriate sentence based on the applicable factors. Even after the decision in *Norman*, Early remains a career offender. The sentence he received remains within what would be his now-applicable guidelines range. To find his circumstance extraordinary and compelling would make the exception the rule, undermining the general statutory mandate that "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). I will therefore deny his motion.

### III.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), and for the reasons stated on behalf of the government, it is **ORDERED** that the defendant's motion, ECF No. 577, is DENIED.

ENTER: July 23, 2021

/s/ JAMES P. JONES
United States District Judge